Case: 1:21-cv-06398 Document #: 25 Filed: 11/29/21 Page 1 of 7 PageID #:859

United States District Court
Southern District of Texas
**ENTERED**
November 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

═══════════════════
No. 3:21-cv-165
═══════════════════

MICHAEL RUSSO, PLAINTIFF,

v.

SPENCER BARNARD, DEFENDANT.

**MEMORANDUM OPINION AND ORDER**

JEFFREY VINCENT BROWN, UNITED STATES DISTRICT JUDGE:

Before the court is the defendant's Amended Motion to Dismiss or Transfer the Plaintiff's Complaint for Improper Venue under Rule 12(b)(3). Dkt. 12. Having considered the parties' arguments, the pleadings, and the applicable law, the court grants the motion to transfer.

**I.  BACKGROUND**

The plaintiff, Michael Russo, alleges he was induced to move to Illinois by his brother-in-law, Spencer Barnard, in order to "assist with operations of his business(es), inclusive of but not limited to a company named Featherstone." Dkt. 10 ¶ 9. As compensation for uprooting his family and suspending his legal practice to move from Texas to Illinois, Russo alleges he

was promised by Barnard a salary of $10,000 per month and the conveyance of a home located in Frankfurt, Illinois. *Id.* ¶ 16. Russo alleges Barnard purchased the home in February of 2016 and then turned it over to Russo and his family a week later. *Id.* ¶ 17–18. Subsequent to this alleged property transfer, Barnard and his wife Stacey—Russo's sister—relocated to Florida where they established a residence. *Id.* ¶ 20.

After moving to Florida, Barnard and Stacey allegedly "experienced martial [sic] disharmony for which they have filed for divorce and/or dissolution of their marriage" in Palm Beach, Florida. *Id.* ¶ 22; Dkt. 12-4 at 2. Following this marital disharmony, Barnard allegedly terminated Russo's employment in Illinois. Dkt. 10 ¶ 25. Barnard also represented that he would "revoke the real property part of the compensation agreement and/or gift to [Russo] for the time, labor effort [sic] and/or services provided in the past and/or into the future." *Id.* Barnard allegedly made a subsequent offer to continue Russo's salary through August 1, 2019, which Russo alleges Barnard did not honor. *Id.* ¶ 26–27.

Russo, seeking relief for his claims against Barnard, filed a 14-count petition as an intervenor in the Barnards' divorce proceedings in Palm Beach County Court. Dkt. 12-4 (Verified Original Petition and Complaint in Intervention). The court denied Russo's petition, finding the proposed

intervention was "more properly brought in the Courts of Illinois." Dkt. 12-5 at 3. Russo, having now returned to Texas, brings his suit in this court. Russo alleges 14 causes of action: (1) gift, (2) conversion, (3) reformation, (4) promissory estoppel, (5) equitable estoppel, (6) unjust enrichment, (7) breach of written/express contract, (8) breach of oral and/or contract implied-in-fact, (9) fraud, (10) fraud in the inducement, (11) fraudulent misrepresentation, (12) negligent misrepresentation, (13) constructive trust, and/or (14) resulting trust. Dkt. 10 ¶ 2.

## II. LEGAL STANDARD

Rule 12(b)(3) establishes a defense of improper venue. Fed. R. Civ. P. 12(b)(3). "Once a defendant files a Rule 12(b)(3) motion challenging venue, the burden of sustaining venue lies with the plaintiff." *Fernandez v. Soberon*, No. CIV.A. H-13-0325, 2013 WL 2483345, at *2 (S.D. Tex. June 10, 2013). "In deciding whether the venue is proper, the court may look at evidence in the record beyond those facts alleged in the complaint and its admissible attachments." *AllChem Performance Prod., Inc. v. Aqualine Warehouse, LLC*, 878 F. Supp. 2d 779, 788 (S.D. Tex. 2012). "The court must accept as true all the allegations in the complaint and resolve all factual conflicts in favor of the plaintiff." *Id.*

"The general venue statute, 28 U.S.C. § 1391, governs a plaintiff's choice of venue." *Id.* Under § 1391(b), a civil action may be brought in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

"If a case falls within one of § 1391(b)'s districts, venue is proper; if it does not, venue is improper, and the case must be dismissed or transferred under § 1406(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 50 (2013).

## III. ANALYSIS

The parties disagree on whether venue is proper in this district. Because Barnard has challenged the plaintiff on this point, the burden of sustaining venue now lies with Russo. Russo argues that venue is proper in this district because a substantial part of the events or omissions giving rise to the claim occurred in the Southern District. Principally, Russo hangs his hat on the alleged fact that subsequent additional discussions occurred

between Russo and Bernard while Russo was a resident of Texas. Russo was living in the district when Bernard extended him the job offer that resulted in Russo and his family eventually moving to Illinois. Dkt. 15 at 6. Russo was in Texas when the eventual employment agreement of February 9, 2016, and the conveyance of the real property was executed. Finally, Russo's allegations that he substantially and materially performed his end of the bargain by selling his home, suspending/reducing his legal practice, cancelling/transferring educational opportunities for his children, and finally relocating to Illinois all transpired in Texas. *Id.* at 7–8.

But, Russo's focus on his activities is misguided as "[t]he venue determination focuses on the relevant activities of [Bernard], not of the Plaintiff." *Brush Creek Trading Co. v. Zoes*, No. CIV.A.SA-05-CA1169XR, 2006 WL 1169577, at *2 (W.D. Tex. Apr. 13, 2006). "Allow[ing] [Russo] to establish venue on the basis of his whereabouts when relevant events occurred would render the venue statute all but meaningless." *Lalla v. G&H Towing Co.*, No. CV SA-19-CA-0542-FB, 2019 WL 11626516, at *4 (W.D. Tex. July 26, 2019) (internal quotation omitted).

That Russo felt the effects of Barnard's actions in Texas is likewise irrelevant to venue determination. *Bigham v. Envirocare of Utah, Inc.*, 123 F. Supp. 2d 1046, 1048 (S.D. Tex. 2000) (finding "the fact that a plaintiff

residing in a given judicial district feels the effects of a defendant's conduct in that district does not mean that the events or omissions occurred in that district"). "In determining whether or not venue is proper, the Court looks to the defendant's conduct, and where that conduct took place." *Id.* Accordingly, "§ 1391(b)(2) requires courts to focus on the defendant's conduct alone." *Gault v. Yamunaji, L.L.C.*, No. A-09-CA-078-SS, 2009 WL 10699952, at *5 (W.D. Tex. Apr. 17, 2009).

Looking at Barnard's alleged conduct, it is clear that not only is venue improper in Texas but that the events or omissions giving rise to the claim occurred substantially in Illinois. Barnard allegedly met with the Russos in Illinois to extend the offer of employment. *Id.* ¶ 9. It was also in Illinois that Barnard allegedly purchased and then conveyed the Frankfort home. *Id.* ¶¶ 16–18. So too was Illinois the location of Barnard's alleged promise to pay Russo $10,000 a month. *Id.* ¶ 16. Russo remained in Barnard's employment in Illinois when Barnard, then living in Florida, allegedly terminated Russo's employment and attempted to rescind ownership of the Frankfort, Illinois, home. *Id.* ¶¶ 25, 28.

This revelation is not news to Russo or his counsel. In the Florida intervention attempt, Russo's counsel not only stated that "[t]he actions material to this event occurred and were based in Illinois regarding the offer

and acceptance, not only of employment, but of the house," but that if intervention was denied, "[Russo] would then have to file a separate action in another court, either the civil court in Florida or Illinois." Dkt. 12-3 at 6, 10 (Hearing Transcript). Russo's intervention was subsequently denied, the court stating his suit was "more properly brought in the Courts of Illinois." Dkt. 12-5 at 3. The learned Florida court was correct: this case belongs in Illinois.

\* \* \*

For these reasons, the court grants Barnard's motion to dismiss or transfer under 12(b)(3), Dkt. 12, and orders that this case be transferred to the United States District Court for the Northern District of Illinois, Eastern Division.

Signed on Galveston Island this 29th day of November, 2021.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE